## Middleton v. Stone, et al.

(Decided March 17, 1915.)

### Appeal from Warren Circuit Court.

Estoppel—Rent—Action for—When Not Maintainable.—Where, following the affirmance by the Court of Appeals of a judgment

of the circuit court, which decreed the cancellation of a deed from the plaintiff to the defendant and referred the cause to a commissioner to report as to rents and other matters of account between the parties, an agreed order was entered by the latter setting aside so much of the judgment as referred the case to the commissioner and reciting that all matters between them were settled and the action dismissed, plaintiff and defendant each to pay his and her own cost; held, that such agreement estopped the plaintiff to recover in a subsequent action, a year's rent which had accrued during the pendency of the case in the Court of Appeals, and substantially all of which was due at the time the agreed order was entered.

WRIGHT & McELROY for appellant.

SIMS, RODES & SIMS for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This action was instituted by the appellant, Alice O. Middleton, to recover of the appellees, E. E. Stone, and the Maryland Casualty Company, his surety, in a supersedeas bond, $1,500.00, the rental value of a farm from November 30, 1910, to December 1, 1911. The bond, omitting its caption and signatures, is as follows:

"Whereas, said appellant (E. E. Stone) was granted an appeal from the judgment of the Warren Circuit Court, rendered at its May term, 1910, against him in favor of the appellee (Alice O. Middleton) for the possession of a tract of 441 acres of land and her costs, and the appellant desires to supersede the judgment above mentioned; now we, E. E. Stone, principal, and Maryland Casualty Company, surety, do hereby covenant to and with the appellee that the appellant will pay to the appellee all costs and damages that may be adjudged against the appellant on the appeal, and also that they will satisfy and perform the judgment above stated, in the event that it should be affirmed, and any judgment or order which the Court of Appeals may render or order to be rendered by the inferior court, not exceeding in amount or value the judgment aforesaid. And also pay all rents, hire or damages which, during the pendency of the appeal, may accrue on any part of the property of which the appellee is kept out of possession by reason of the appeal. Witness our hands this 30th day of November, 1910."

This bond was executed under the following circumstances: In 1895 appellant, a widow, being indebted to

various parties and owning 441 acres of valuable land in Warren County, sold and by deed conveyed it to the appellee, E. E. Stone, her son-in-law, under an agreement that he would operate the farm for the purpose of paying off appellant's debts and providing a support for her and her children, of whom she then had several dependent upon her; and that after he had paid her debts, and reimbursed himself for such moneys as he might pay out in operating the farm and satisfying her debts, he would reconvey to her the land. Under the conveyance and trust thus created Stone immediately took possession of the farm and all stock, cattle, farming implements and other personal property thereon, belonging to appellant, and continued in the possession of the farm and other property mentioned, from December, 1895, down to December, 1911.

He does not appear, however, to have faithfully carried out the trust, for by his management of the farm he increased instead of paying off the indebtedness of appellant, and executed mortgages on the farm to the amount of $10,000.00. In view of this situation and his refusal to reconvey her the farm, appellant, February 4, 1908, brought suit against him and his wife, Jessie Stone, in the Warren Circuit Court to set aside the deed under which he had obtained title to the farm and compel its reconveyance to her; also to recover its rental value during the years it was in his possession and the value of her personal property alleged to have been converted by him. Stone resisted the recovery sought, but, after the taking of proof by the parties and submission of the case to the circuit court at its May term, 1910, granted the relief prayed by appellant, and by the judgment rendered set aside the deed which she had made to Stone, directed him to surrender to her the possession of the land, and gave him until December 25, 1911, to do so. The judgment referred the case to the master commissioner to take proof and make settlement between the parties as to the matters of rent and value of personal property claimed by appellant, and the various claims for improvements made and taxes paid on the land, board of appellant and her daughters and other items asserted by the appellee Stone by way of set-off and counter-claim, and make report thereof at the next term of the court.

The appellee, Stone, being dissatisfied with the judgment, prayed and was granted an appeal, and preparatory to the prosecution of same executed the supersedeas bond copied above, whereby, and because supersedeas immediately issued thereon and was served on appellant, the execution of the judgment was suspended pending the appeal. On the appeal the judgment was affirmed by this court. The mandate issued July 22, 1911, and was thereafter filed and entered in the Warren Circuit Court.

When this step was taken an order was, by agreement of the parties, entered, which finally disposed of the case. This order, after setting forth the judgment appealed from and its affirmance by the Court of Appeals, and directing Stone and wife to obey its requirement to surrender the farm in controversy to appellant on or before December 25, 1911, and in the event of their failure to do so awarding appellant a writ of possession therefor, contains the following recital:

"It was ordered that this cause be referred to the master commissioner of this court to settle the accounts and report a settlement between the plaintiff and the defendants, E. E. Stone and wife. Now, by consent of parties, so much of said judgment as refers this cause to the master commissioner to make a report and settlement be and the same is hereby set aside; and it is now agreed between the plaintiff and the defendants that *all matters between them are settled, and as to all matters of accounts between said parties this cause is now dismissed settled, plaintiff and defendants each to pay their own costs.* But this agreement and judgment does not affect the ownership by plaintiff of any personal property on said tract of land owned by her and she is entitled to the ownership of same; nor does it affect the ownership by the defendants, E. E. Stone and wife, of any personal property on said tract of land owned by them."

In the present action on the supersedeas bond the appellee, E. E. Stone, failed to file an answer, but the appellee, Maryland Casualty Company, by its separate answer and amended answer to the petition and several amendments thereto, resisted the recovery sought by appellant on the supersedeas bond, of the rent claimed or any part thereof, denied its liability upon the bond and alleged, in substance, that all matters in controversy be-

tween the parties, whether of account, damages or other demands, were adjusted, compromised and settled in and by the agreed order entered of record in the Warren Circuit Court following the filing therein of the mandate of the Court of Appeals, and that the rent of $1,500.00 for the year 1911, asserted against it as the surety of the appellee Stone, was included in that settlement, which settlement was pleaded in bar of the recovery sought by appellant.

On the hearing this view of the case was adopted by the circuit court, hence by the judgment rendered appellant's petition was dismissed at her cost, and from that judgment she has appealed.

It is insisted for appellant that only matters of account directly in issue in the first action were compromised and settled by this agreed order, and that the question of rent for the year 1911, not being involved in that action, was not then considered or settled. In other words, that the settlement covered and included every matter in dispute between the parties except the item of rent for the year 1911. Unfortunately for this contention, the agreed order manifests no such exception. On the contrary, it distinctly recites that "all matters between them are settled, and as to all matters of accounts between said parties this cause is now dismissed settled, plaintiff and defendants each to pay their own costs."

The word "*all*," as twice used in above connected sentences, is comprehensive enough in meaning to embrace not only such matters of account as had been set up in the pleadings and judgment of the first suit, but also all such matters of account or indebtedness as were incidental to the litigation, or might thereafter have been asserted by either party against the other, in the absence of the compromise settlement. The matter of rent claimed for the year 1911 could properly have been settled and reported on by the commissioner along with other matters of account in dispute between the parties, if he had not been relieved by the order of the court of doing this work imposed upon him by the previous judgment of the court; and in the absence of some statement or expression in the order showing its exclusion from the settlement made of all other matters in controversy between the parties, the presumption should be indulged that it was included with all else in the settlement. The last clause of the agreed order shows that

there was only one matter excepted from the settlement; that is: "This agreement and judgment does not affect the ownership by plaintiff of any personal property on said tract of land owned by her and she is entitled to the ownership of same; nor does it affect the ownership by the defendants, E. E. Stone and wife, of any personal property on said tract of land owned by them." It is reasonable to suppose that if it had been intended to exclude from the compromise and settlement thus made the matter of rent now claimed by appellant, it would have been included with the only other matters excepted by the last clause of the agreed order, which was by appellant's able and careful counsel.

It is not to be overlooked that the agreed order was entered on November 11, 1911. Therefore, practically all of the rent for that year, claimed by appellant in this action, was then due and was as much a proper item of recovery in the first action as other rents therein claimed by appellant; and if it had not been intended that the rent for the year 1911 should be included in the settlement then made between the parties, instead of relieving the commissioner of his duties and dismissing the action, appellant would have asked an amendment of the order of reference so that the commissioner in the settlement and report to be made by him might have included the rent for 1911 with that of other years for which Stone was liable to appellant.

It appears from the record that the matters actually embraced in the settlement and included in the sweeping words "all matters"  *   *   *  "all matters of accounts between the parties," were such items as rents, value of personal property consumed or destroyed, value of use of personal property, value of lasting improvements, taxes, premiums on insurance, board of appellant and family. Appellant could with as great a show of reason claim that any of these things, admittedly included, were not settled, as that the rent for 1911 was not embraced in the settlement. In truth, the order showing the settlement is susceptible of but one construction; that is, that all matters, of whatsoever kind, in dispute between the parties were compromised and settled as therein stated, and if so, there is no merit in the claim asserted for rent for the year 1911.

This view of the case being in accord with the conclusion reached by the circuit court, the judgment is affirmed.